UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-cv-61383-LEIBOWITZ/AUGUSTIN-BIRCH

**CHRISTOPHER HOFMANN**
*on behalf of himself and all others similarly situated,*

    *Plaintiff*,
v.

**JERICO PICTURES, INC.
d/b/a NATIONAL PUBLIC DATA**,

    *Defendant.*
_____/

## ORDER ON DEFAULT FINAL JUDGMENT PROCEDURE

**THIS CAUSE** is before the Court upon the Clerk's Entry of Default dated September 23, 2024. [ECF No. 13]. Upon review of the record, it appears that the Defendant has failed to respond to the Complaint or otherwise appear in this action.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff must file one of the following two responses by **October 23, 2024**:

(1) Where there are no allegations of joint and several liability and no possibility of inconsistent liability between Defendants, Plaintiff shall file a *motion for default final judgment*. The *motion for default final judgment* must include affidavits of any sum certain due by Defendant and any other supporting documentation necessary to determine Plaintiff's measure of damages. The *motion* shall also be accompanied by (1) the necessary affidavit under the Servicemembers Civil Relief Act, 50 U.S.C. § 3931(b), if applicable; (2) a proposed order; and (3) a proposed final judgment. *See* S.D. Fla. Local Rule 7.1(a)(2)). Pursuant to the CM/ECF Administrative Procedures, the proposed orders **shall be submitted to the Court by e-mail in Word format** at leibowitz@flsd.uscourts.gov. Plaintiff shall send a copy of the *motion* to Defendant's counsel or to Defendant if it does not have counsel. In

the certificate of service, Plaintiff shall indicate that notice was sent and the addresses where notice was sent. If Defendant fails to move to set aside the Clerk's Entry of Default or respond to the *motion for default final judgment* within the time permitted by the Rules, default final judgment may be entered, which, simply put, means that Plaintiff may be able to take Defendant's property or money, and/or obtain other relief against Defendant.

(2) Where there are allegations of joint and several liability, or the possibility of inconsistent liability between Defendants, Plaintiff shall file a *notice of joint liability*. *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872); 10A Charles Alan Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2690 (3d ed. 1998) (citing *Frow*, 82 U.S. at 554); *see also Gulf Coast Fans, Inc. v. Midwest Elecs. Imp., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984). The *notice of joint liability* must briefly describe the allegations and advise the Court of the status of the other Defendants' liability. Once liability is resolved as to all Defendants, Plaintiff may move for the entry of default final judgment against Defendant, as described in (1) above, no later than 14 days thereafter.

*          *          *

Plaintiff's failure to file for a *motion for default final judgment* or *notice of joint liability* within the specified time will result in a **dismissal** without prejudice.

**DONE AND ORDERED** in the Southern District of Florida on October 3, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:    counsel of record